Barnard, P. J.
The intent of the will is not clear in respect to the questions presented. The testator held two notes against his son, the defendant, at the time of his death.
After giving his executors power of sale of his estate, real and personal, he adds: “And my will likewise is, that whatever obligations shall be found that I hold against my sons, for whatever I have let them have heretofore, shall be considered as my property, and shall be considered as their legacy, in whole or in part, as the case may be. ”
If the testator designed to give the notes absolutely to his sons, the usual way would have been to have done so by direct words of bequest.
Instead of doing this the testator directs that the sums of money he had “let them (the sons) have” in his life time should be decreed his (the testator’s) property, or, in other words, as a part of the estate.
The following words, to the effect that the notes should be the legacy of the debtor sons, only mean that these notes are to be deducted from the sons portion of the-estate, so far as the estate will pay them.
This construction is favored, in that it produces equity by treating all the children alike, and it accords with the following part of the will:
After the debts of the testator are paid these sons are given fifty dollars each, “and the balance to. be equally divided, share and share alike, among the six.”
The judgment should be reversed and a new trial granted, costs to abide event.
Dykman and Cullen, JJ., concur.